UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVELLE WILLIAMS,  Index No.: 20-cv-8622

**COMPLAINT**

                    Plaintiff,
  -against-  *Jury Trial Demanded*

CITY OF NEW YORK, DEPARTMENT OF CORRECTIONS
and any related individuals and/or entities,

                    Defendants.
------------------------------------------------------------X

Plaintiff Davelle Williams ("Plaintiff"), by and through her counsel, Bell Law Group PLLC, as and for her Complaint in this action against Defendant City of New York, Department of Corrections ("DOC"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action to recover for (1) unlawful discrimination on the basis of gender in violation of the Civil Rights Act of 1964; (2) unlawful discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12201, *et seq.*; (3) unlawful discrimination on the basis of disability in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*; (4) unlawful discrimination in violation of the New York City Human Rights Law ("NYCHRL"); and (5) retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq.*

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the Civil Rights Act of 1964, the ADA and the FMLA. Pursuant to 28

U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYSHRL.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

4. Plaintiff's claims are properly consolidated as a single action because her claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PROCEDURAL REQUIREMENTS

5. Plaintiff duly exhausted her administrative exhaustion requirements by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a right to sue letter from the EEOC on July 31, 2020.

7. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8. Plaintiff Davelle Williams is a resident of the State of New York, Queens County.

9. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

10. Upon information and belief, Defendant DOC is a New York City entity with a principal place of business at 75-20 Astoria Blvd., East Elmhurst, NY 11370.

11. At all relevant times, DOC was an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

12. Plaintiff has worked for Defendant as a corrections officer from approximately May 2013 through approximately September 2017, when she was promoted to Corrections Captain, the position she currently holds.

13. In January 2020, Plaintiff was awarded the Security Captain Post by Acting Warden Sharlisa Walker. Shortly thereafter, Warden Walker was transferred to another facility, and Claimant was placed under the command of Warden Sherma Dunbar as of January 7, 2020. When Claimant inquired about the award letter that had been promised to her by Warden Walker, Warden Dunbar refused, saying "I will not be giving you no award letter." Warden Dunbar was known for favoring male captains over female captains, and had received complaints from other female officers about the disparate treatment.

14. On February 7, 2020, Plaintiff became temporarily disabled and was placed on "medically monitored" status, which is a form of light duty, after a use of force incident that took place while she was on duty. Warden Dunbar stated that she had "no respect for anyone who is on Medically Monitored status or who calls out sick either."

15. On February 19, 2020, Plaintiff filed an internal EEO complaint against Warden Dunbar. Since filing her internal complaint, Plaintiff has been targeted for retaliation by Dunbar, Deputy Warden Jonelle Shivraj, and Deputy Warden Tiffany Morales.

16. On or about March 17, 2020, Plaintiff's colleague, Captain Mitchell, told Claimant that Warden Dunbar told him Plaintiff was filing an EEO complaint. The same day, Deputy Warden Morales served Plaintiff with a squad rotation change, which resulted in a less favorable schedule. When Plaintiff asked Morales why her days were being changed, Morales stated that she was "just following orders from Warden Dunbar."

17. Plaintiff was out sick with COVID-19 from March 29, 2020 through April 20, 2020. When she returned, she found herself working in a hostile environment due to her ongoing disabilities and due to Warden Dunbar informing many of her coworkers that Plaintiff had filed an internal EEO complaint.

18. Due to her on-the-job injury and resulting temporary disabilities, Plaintiff was temporarily unable to type or write and remained on MM status. On or about May 4, 2020, Plaintiff overheard Dunbar say to Deputy Warden Tia Cox, loudly enough for Plaintiff to hear, that "people sitting in control not able to do anything and some captains should get demoted."

19. On or about May 5, 2020, Warden Dunbar and Deputy Warden Morales held a staff meeting at which they complained that "over 3,500 staff members were out sick and for those of you who didn't call out sick, thank you. For those of you that was out sick you will be placed in a category and spinning on the wheel and if you call out sick it's on you."

20. On May 11, 2020, Plaintiff was issued chronic papers by Deputy Warden Morales as a result of her extended absence due to COVID-19. If sustained, Plaintiff would be prohibited from leaving her house except during certain hours if she took any additional sick days. Plaintiff immediately submitted paperwork appealing her chronic papers, but her appeal was held up and not submitted to the appropriate office until May 26, 2020.

21. On May 21, 2020, Warden Dunbar re-posted the Security Captain post that had technically been awarded to Plaintiff by Warden Walker, but which Warden Dunbar had refused to sign off on after taking over Warden Walker's post.

22. On June 3, 2020, Warden Dunbar distributed appreciation awards to employees who did not go out sick due to COVID-19 in front of the whole staff, effectively punishing Claimant and other employees who had the misfortune of contracting COVID-19.

23. Due to the hostile work environment and ongoing harassment from Warden Dunbar, Claimant requested and was granted a transfer to the RMSC. The transfer was classified as a "Change of Assignment" rather than an "Administration Transfer". As a result, her transfer came with a schedule change that is extremely inconvenient and interferes with Plaintiff's ability to provide care for her family.

24. Plaintiff previously made the list for promotion to Assistant Deputy Warden, but her chances of promotion have been negatively affected by Warden Dunbar badmouthing her to other staff, including supervisors, due to her race, gender, disability, sick leave due to COVID-19, and EEO complaint.

25. Throughout the month of June, Plaintiff contacted multiple higher-level employees responsible for internal EEO complaints and was given the runaround for weeks. On June 29, 2020, Plaintiff received a self-serving, conclusory letter from Assistant Commissioner and EEO Officer Kammae Owens stating, without explanation, that "an investigation into these allegations revealed insufficient evidence to support your allegations. Accordingly, the allegations are unsubstantiated." The letter failed to advise Plaintiff of her right to pursue external remedies with the EEOC or in any other forum, and misleadingly suggested that she had no available remedies by stating that "the case shall be deemed closed."

26. Defendants' conduct violated the Civil Rights Act of 1964, the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, and the Family Medical Leave Act as amended by the Families First Coronavirus Relief Act of 2020.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the Civil Rights Act of 1964)**

27. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

28. Defendants have discriminated against Plaintiff on the basis of her race and gender by denying her equal terms and conditions of employment, including, but not limited to, revoking her scheduled promotion and subjecting her to a hostile work environment, and by retaliating against her after she filed an internal EEO complaint.

29. Plaintiff exhausted her administrative remedies by timely filing with the EEOC, which issued a Right to Sue notice on July 31, 2020.

30. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

31. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

**SECOND CAUSE OF ACTION**
**(Discrimination in Violation of the Americans with Disabilities Act)**

32. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

33. Defendants have discriminated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act by denying her equal terms and conditions of employment, including, but not limited to, unlawfully revoking her planned promotion and

creating a hostile work environment on the basis of disability, and by retaliating against her after she filed an internal EEO complaint.

34. Plaintiff exhausted her administrative remedies by timely filing with the EEOC, which issued a Right to Sue notice on July 31, 2020.

35. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

36. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION
**(Discrimination in Violation of New York State Human Rights Law)**

37. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

38. Defendants have discriminated against Plaintiff on the basis of her race, gender, disability, and prior EEO activity in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including, but not limited to, revoking her planned promotion and creating a hostile work environment.

39. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

40. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

**FOURTH CAUSE OF ACTION**
**(Discrimination in Violation of New York City Human Rights Law)**

41. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

42. Defendants have discriminated against Plaintiff on the basis of her race, gender, disability, and prior EEO activity in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including, but not limited to, revoking her planned promotion and creating a hostile work environment.

43. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

1. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**
**(Retaliation for Exercising FMLA Rights)**

2. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

3. During the full statutory period, Plaintiff was protected by the provisions of the FMLA, 29 U.S.C. 2601, et seq., as amended by the Families First Coronavirus Response Act of 2020, and all applicable regulations thereunder.

4. Plaintiff contracted the coronavirus and was quarantined from March 29, 2020 through April 20, 2020. She exercised her right to the two weeks of paid leave provided by the FFCRA, as well as her regular entitlement to FMLA leave for the remaining time.

5. Defendants retaliated against Plaintiff for exercising her FMLA rights by 1) creating a hostile work environment by specifically targeting Plaintiff and other employees who had called out sick for reasons related to the coronavirus; 2) threatening Plaintiff with demotion and less desirable assignments as a result of her being out sick with the coronavirus; and 3) passing over Plaintiff and other employees who exercised their rights under the FMLA for awards specifically created to reward those who did not exercise their FMLA rights.

6. As a direct and proximate result of Defendants' unlawful retaliation in violation of the FMLA, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Enjoin Defendants from engaging in further acts of illegal retaliation; and

C. Award Plaintiff all remedies available to her under federal and state law, including but not limited to the promotion for which she was passed over, compensatory

damages, pre- and post-judgment interest, attorneys' fees and costs, injunctive and declaratory relief, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: October 15, 2020
Garden City, New York

                              Respectfully submitted,

                              **BELL LAW GROUP, PLLC**

                              By: _____/s/_____
                                  Laura R. Reznick, Esq.
                                  100 Quentin Roosevelt Boulevard
                                  Suite 208
                                  Garden City, NY 11530
                                  Tel: 516.280.3008
                                  Fax: 212.656.1845
                                  lr@belllg.com
                                  *Attorneys for Plaintiff*