UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVELLE WILLIAMS,

                                    Plaintiff,

              – against –

THE CITY OF NEW YORK and any related
individuals and/or entities,

                                  Defendants.

**ANSWER TO PLAINTIFF'S COMPLAINT**

No. 20-CV-08622 (JPO)

------------------------------------------------------------------------ X

        Defendants THE CITY OF NEW ( "Defendant") by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their Answer to the Second Complaint, respectfully alleges as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports t be a resident of the state.

        3. Denies the allegations set forth in paragraph "3" of the Complaint, except admit that the City of New York is a municipality organized and existing under the laws of the State of New York.

        4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiff is employed by the City of New York Department of Correction ("DOC").

        5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff is employed by the DOC.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint except admit that Plaintiff has worked for the DOC since May 2013.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff worked at the George R. Vierno Center.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff worked for the DOC as a Captain.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except that Plaintiff reported an injury in connection with a work related incident, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical treatment.

16. Denies the allegations set forth set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff reported that she had suffered an injury at work, and denies knowledge or information sufficient to form a belief as to the truth of allegations regarding plaintiff's medical treatment.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that on February 19, 2020 Plaintiff filed a complaint with the Equal Employment Office ("EEO") of DOC.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except that Plaintiff was issued a chronic status which Plaintiff appealed.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint, except admits that Plaintiff returned to full duty status in June 2020.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that Plaintiff received a transfer.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that Plaintiff's EEO complaint was found to be unsubstantiated and refers to the letter referred to therein for the contents thereof.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

36. Denies the allegation set forth in paragraphs "36" through "39" of the Complaint, and affirmatively states that by Memorandum Opinion and Order, dated March 31, 2022, the Court dismissed all discrimination claims asserted by plaintiff, and refers to Right to Sue letter referred to in paragraph 37 for the contents thereof.

37. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

38. Denies the allegation set forth in paragraphs "41" through "44" of the Complaint, and affirmatively states that by Memorandum Opinion and Order, dated March 31, 2022, the Court dismissed all claims asserted by plaintiff under the Americans with Disabilities Act.

39. In response to the allegations set forth in paragraph "45" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

40. Denies the allegation set forth in paragraphs "46" through "48" of the Complaint and affirmatively states that by Memorandum Opinion and Order, dated March 31, 2022, the Court dismissed all discrimination claims asserted by plaintiff.

41. In response to the allegations set forth in paragraph "49" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

42. Denies the allegation set forth in paragraphs "50" through "52" of the Complaint, and affirmatively states that by Memorandum Opinion and Order, dated March 31, 2022, the Court dismissed all discrimination claims asserted by plaintiff.

43. In response to the allegations set forth in paragraph "53" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

44. Denies the allegations set forth in paragraph "54" of the Complaint, except refers to the statutes cited therein for the contents thereof.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, except admits that plaintiff reported that she had contracted covid-19 and was granted leave.

46. Denies the allegation set forth in paragraph "56" of the Complaint.

47. Denies the allegation set forth in paragraph "57" of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

48. The Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE:**

49. At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accord with all applicable laws of the United States and the State and City of New York.

**AS AND FOR A THIRD DEFENSE:**

50. Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff. The actions taken would have been taken regardless of any alleged protected status or activity.

**AS AND FOR A FOURTH DEFENSE:**

51. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A FIFTH DEFENSE:**

52. The Complaint may be barred, in whole or in part, by plaintiff's failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

**AS AND FOR AN SIXTH DEFENSE:**

53. Defendants are not liable under the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107, et seq., where conduct complained of consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

**WHEREFORE**, Defendant City of New York respectfully requests that the Complaint be dismissed, that the relief sought therein be denied in all respects, that judgment be entered for Defendant, together with such other relief as the Court deems just and proper.

Dated:   New York, New York
         July 18, 2022

        **HON. SYLVIA O. HINDS-RADIX**
        Corporation Counsel of the City of New York
        Attorney for Defendant
        100 Church Street, Room 2-103
        New York, New York 10007
        (212) 356-2464
        rkatsaro@law.nyc.gov

By: _____
     Rodianna Katsaros
     Assistant Corporation Counsel

Civil Action No. 20 Civ. 08622 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVELLE WILLIAMS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF CORRECTION and any related individuals and/or entities,

                              Defendants.

**ANSWER TO PLAINTIFF'S COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-187*
*New York, New York 10007*

*Of Counsel:  Rodianna Katsaros*
*Tel.:  (212) 356-2464*
*Matter No.: 2021-000326*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................ 2022*

*....................................................................... Esq.*

*Attorney for Defendants .............................................*